UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN M. MCCLAIN, Pro se, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, MARTIN O'MALLEY, <br><br> Defendant. | CASE NO. 2:24-cv-01193-TL <br><br> ORDER ON MOTION TO DISMISS |

This is an action for review of a denial of Social Security disability benefits. This matter is before the Court on Defendant Commissioner of Social Security's Motion to Dismiss. Dkt. No. 11. Having reviewed Defendant's motion, Plaintiff Jonathan M. McClain's response[1] (Dkt. No. 12), and the relevant record, the Court GRANTS the motion.

---

[1] Plaintiff's response was filed on November 25, 2024, but it was due on November 22, 2024. *See* Local Civil Rule 7(d)(4). The Court will consider the response here, but Plaintiff is expected to comply with all applicable local and federal rules going forward. Future late filings may be stricken.

ORDER ON MOTION TO DISMISS - 1

## I. BACKGROUND

In his complaint, Plaintiff appears to bring two claims, only one of which is challenged here.[2] *See* Dkt. No. 6 (complaint). The claim at issue here appears to concern a previous termination of Supplemental Security Income ("SSI") benefits that Plaintiff received from 1999 to 2002 or 2003.[3] *Id.* at 1–2. Plaintiff alleges that there were "irregularities" in the termination of those benefits, which "violation Plaintiff's Constitutional Rights of Due Process." *Id.* at 1. Plaintiff further alleges that "[d]ue to the removal of all Plaintiff's medical coverage at that time Defendant attempted to deprive Plaintiff of his rights to life, liberty, and the pursuit of happiness." *Id.* at 2. Plaintiff clarifies that he is "not seeking benefits from that violation" but "does request a Jury Trial to determine damages for the violation." *Id.* Defendant now brings the instant motion to dismiss this claim. *See* Dkt. No. 11. Plaintiff opposes. *See* Dkt. No. 12.

## II. LEGAL STANDARD

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. When a court reviews a request for dismissal under Rule 12(b)(6), "[a court] accept[s] as true all facts alleged in the

---

[2] The unchallenged claim concerns denial of benefits that became final in 2024. *See* Dkt. No. 11 ¶¶ 1–9. Defendant concedes that that claim may proceed. *See* Dkt. No. 11 at 5–6.

[3] In his response, Plaintiff appears to indicate that he actually began receiving benefits in 2001, which were terminated in 2005. *See* Dkt. No. 12 at 1–2.

complaint and construe[s] them in the light most favorable to plaintiff[ ], the non-moving party." *DaVinci Aircraft*, 926 F.3d at 1122 (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

### III.   DISCUSSION

Defendant makes three arguments for dismissal: (1) Plaintiff's claim is a challenge to the 2002/2003 termination decision, which is untimely (Dkt. No. 11 at 3); (2) sovereign immunity prevents Plaintiff from pursuing a damages claim based on that decision (*id.* at 4); and (3) Plaintiff does not allege a colorable constitutional claim (*id.* at 5).

As an initial matter, Plaintiff disclaims that he is bringing "a challenge to the decision to terminate" benefits, or "a claim for those benefits"; instead, he "must sue for damages instead." Dkt. No. 12 at 1.

In a prior case in this District, Plaintiff indicated (as he does here) that he believed records of that termination "were not produced due to irregularities in the removal" of those benefits. *See McClain v. Comm'r of Soc. Sec.*, No. C19-1422, Dkt. No. 18 at 1 (W.D. Wash. Mar. 3, 2020) (opening brief). He indicated then that he "may file suit at a later date against the SSA for Constitutional violations." *Id.* On appeal, the Ninth Circuit observed that "[Plaintiff's] contentions concerning the termination of his prior award of benefits are not properly before us, because where [*sic*] he did not timely challenge the Commissioner's earlier decision and does not raise a colorable claim of a due process violation." *McClain v. Kijakazi*, No. 20-35662, 2023 WL 2134391, at *1 (9th Cir. Feb. 21, 2023).

Here, the Court finds that any challenge to the 2002/2003 (or 2005) termination of benefits is untimely, as the Ninth Circuit has already held. *See id.* To the extent that Plaintiff's claim is based on the prior termination of benefits, the claim is also barred by sovereign immunity. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of

1 | Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346
2 | of Title 28 to recover on any claim arising under this subchapter.").

3 |     Finally, the Court finds that Plaintiff does not raise a colorable constitutional claim, as the
4 | Ninth Circuit also previously held. *See McClain*, 2023 WL 2134391, at *1. "A constitutional
5 | claim is colorable if it is 'not wholly insubstantial, immaterial, or frivolous.'" *Klemm v. Astrue*,
6 | 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir.
7 | 2001)). "A 'mere allegation of a due process violation' is not a colorable constitutional claim."
8 | *Id.* (quoting *Anderson v. Bobbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000)). "Rather, the claim must
9 | be supported by 'facts sufficient to state a violation of substantive or procedural due process.'"
10 | *Id.* (quoting *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1993)). Here, the extent of Plaintiff's
11 | constitutional claim is that "records were not produced due to irregularities in the removal" of
12 | Plaintiff's prior benefits "which violated Plaintiff's Constitutional Rights of Due Process," and
13 | that "[d]ue to the removal of all Plaintiff's medical coverage at that time Defendant attempted to
14 | deprive Plaintiff of his rights to life, liberty and the pursuit of happiness." Dkt. No. 6 at 1–2. Put
15 | simply, these statements are not factual allegations, much less sufficient allegations, and they
16 | amount to mere speculation. Moreover, Plaintiff appears to have been aware of this possible
17 | claim since at least 2020, when he was litigating a prior case in this District (*see McClain*,
18 | No. C19-1422, Dkt. No. 18 at 1 (W.D. Wash. Mar. 3, 2020)); the fact that Plaintiff is still unable
19 | to produce sufficient facts to raise a colorable constitutional claim strongly suggests that further
20 | amendment would be futile.
21 | //
22 | //
23 | //
24 | //

## IV.  CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 11) is GRANTED without leave to amend. Defendant SHALL file the certified administrative record for Plaintiff's remaining claim **within seven (7) days** of this Order.

Dated this 13th day of December 2024.

Tana Lin
United States District Judge