UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN M. MCCLAIN, Pro se,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY, MARTIN O'MALLEY,<br><br>　　　　　　　　Defendant. | CASE NO. 2:24-cv-01193-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiff Jonathan M. McClain's Motion for Reconsideration[1] (Dkt. No. 16) of the Court's prior Order on Defendant Commissioner of Social Security's Motion to Dismiss (Dkt. No. 13). Having reviewed Defendant's response (Dkt. No. 18) and the relevant record, the Court DENIES the motion.

---

[1] Plaintiff also filed a second "Motion for Reconsideration," which appears to be identical to the instant motion. *See* Dkt. No. 19. Therefore, the second motion is STRICKEN as duplicative.

ORDER ON MOTION FOR RECONSIDERATION - 1

## I. BACKGROUND

The general background for this matter is recounted in the Court's prior Order. *See* Dkt. No. 13 at 2–3. Relevant to the instant motion, the Court dismissed Plaintiff's claim related to apparent "irregularities" in the termination of his benefits at some time in 2002 or 2003. *Id.* at 3–5. The Court held that Plaintiff's challenge to his benefits was untimely; that his claim was barred by sovereign immunity; and that he did not state a colorable constitutional claim. *Id.*

Plaintiff now moves for reconsideration of that decision "due to factual and legal errors." *See generally* Dkt. No. 16. Plaintiff clarifies that his claim concerns the termination of his benefits "without notice in *January of 2006*, in clear violation of Plaintiff's Constitutional rights of Due Process." *Id.* at 2 (emphasis added). Plaintiff proffers facts supporting his belief that his benefits were improperly terminated without proper due process. *See id.* at 2–5; *see also id.* at 5–7 (reviewing procedural due process caselaw and its applicability to Social Security benefits). Plaintiff ultimately argues that his due process right was violated; that sovereign immunity is no bar; and that he pleads a colorable constitutional claim. *See id.* at 7–9. In response, Defendant argues that the Court correctly concluded that Plaintiff cannot bring a damages claim for an alleged violation of due process (*see* Dkt. No. 18 at 2–4), and that Plaintiff's challenge to the alleged improper termination of benefits is untimely (*see id.* at 4–6).

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); see also *Inventist, Inc. v.*

ORDER ON MOTION FOR RECONSIDERATION - 2

*Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting reconsideration is an "extraordinary remedy," and the moving party bears a "heavy burden"). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Maryln Nutraceuticals*, 750 F.3d at 880 (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### III.  DISCUSSION

As an initial matter, the Court notes again that "Plaintiff disclaims that he is bringing 'a challenge to the decision to terminate' benefits, or 'a claim for those benefits'; instead, he 'must sue for damages instead.'" Dkt. No. 13 at 3 (quoting Dkt. No. 12 at 1); *see also* Dkt. No. 6 (complaint) at 2 ("Plaintiff will not be seeking benefits from that violation, however, Plaintiff does request a Jury Trial to determine damages for the violation."). In the instant motion, Plaintiff reaffirms that he is seeking damages for alleged constitutional violations. *See* Dkt. No. 16 at 8 ("[T]he Bivens[2] remedy is limited to Constitutional violations, which is the precise argument herein by Plaintiff. Plaintiff [*sic*] claims are not under 42 U.S.C. Section 405.").

Therefore, the Court finds that Plaintiff has not demonstrated manifest error in the Court's prior ruling.[3] As Defendant points out (Dkt. No. 18 at 3), a damages claim for constitutional violations (also known as a *Bivens* claim) is unavailable for claims based on the improper termination of Social Security benefits. *See Schweiker v. Chilicky*, 487 U.S. 412, 424–

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[3] Plaintiff does not purport to bring "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).

29 (1988); *see also Hooker v. U.S. Dep't of Health & Human Servs.*, 858 F.2d 525, 530 (9th Cir. 1988) ("The Supreme Court's recent decision in [*Schweiker*] held that a federal due process action may not be brought for the wrongful termination of Social Security disability benefits. The Supreme Court ruled that the Act's remedial scheme precluded a *Bivens* remedy for an alleged constitutional tort."); *Ingram v. Comm'r of Soc. Sec.*, 401 Fed. App'x 234, 235 (9th Cir. 2010) ("[Plaintiff] cannot pursue a *Bivens* action related to a social security benefits determination."). Nor can a damages claim be brought against federal agencies or federal employees in their official capacities. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity. This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." (internal citation and quotation marks omitted)). Finally, Plaintiff proffers no evidence that Commissioner O'Malley was involved in the termination of his benefits, such that a *Bivens* suit would lie against the Commissioner in his personal capacity.

As noted above, Plaintiff has repeatedly reaffirmed that he is seeking damages for alleged constitutional violations. Dkt. No. 6 at 2; Dkt. No. 12 at 1; Dkt. No. 16 at 8. Thus, even if Plaintiff could allege a colorable constitutional claim with the facts he now proffers (*see* Dkt. No. 16 at 2–5), he cannot bring a claim for damages.[4]

---

[4] The Court thus need not reach Defendant's arguments about Plaintiff's timeliness. *See* Dkt. No. 18 at 4–6.

## IV. CONCLUSION

Accordingly, Plaintiff Jonathan M. McClain's Motion for Reconsideration (Dkt. No. 16) is DENIED.

Dated this 23rd day of January 2025.

Tana Lin
United States District Judge