1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN M. MCCLAIN,

                  Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY MARTIN O'MALLEY,

                Defendant.

CASE NO. 2:24-cv-01193-TL

ORDER ON MOTION FOR
EXTENSION OF TIME

This matter is before the Court on Plaintiff's Motion for Extension of Time (Dkt. No. 28). Plaintiff is representing himself pro se. On April 25, 2025, the Court issued an Order to Show Cause, resetting the Deadline for Plaintiff to file his Opening Brief to May 16, 2025. Dkt. No. 27 (Amended Order to Show Cause). On May 15, 2025, in lieu of an opening brief, Plaintiff mailed the instant motion, which the Court received on May 19, 2025. Dkt. No. 28 at 4. Because Plaintiff mailed his motion before the deadline, and in the absence of any objection by Defendant, the Court will treat the motion as timely filed. Having considered the unopposed motion and the record in this case, the Court GRANTS Plaintiff's Motion for Extension of Time.

Plaintiff initiated this case on September 4, 2024, with a complaint that appeared to bring claims related to two separate decisions by the Commissioner of Social Security: a termination of benefits in 2002 or 2003 and a denial of benefits that became final in 2024. Dkt. No. 6 at 1–2. The Court previously dismissed the claims related to the termination—a decision Plaintiff has unsuccessfully challenged before this Court and the Court of Appeals—and directed Defendant to file the Social Security Certified Administrative Record related to the 2024 denial. *See* Dkt. No. 27 at 1–2 (recounting procedural history in depth). The Court has since set several deadlines for Plaintiff to file his opening brief on the remaining claim. Dkt. Nos. 15, 21, 27.

In his Motion for Extension of Time, Plaintiff asks the Court to again extend the deadline because "Plaintiff's Advocate is dealing with medical issues and needs additional time to file Plaintiff's Opening Brief." Dkt. No. 28 at 1. Plaintiff has proceeded pro se in his case thus far, but he represented in his motion that he "cannot file his own brief." *Id.* at 2. Plaintiff does not specify who his "Advocate" is, whether that person is an attorney, or how much time would be needed for the Opening Brief to be prepared. *See generally id.* The Court notes that the Social Security Act permits qualified non-attorneys to represent social security claimants before the Commissioner and the Appeals Counsel, but "[t]here is no parallel provision in the Act authorizing the Commissioner to permit non-attorney representation of claimants in proceedings before the courts." *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) (citing 42 U.S.C. § 406(a)(1)).

Plaintiff's motion demonstrates that he has an interest in prosecuting his case and has taken steps toward accomplishing that goal. Additionally, federal courts have a strong policy in favor of resolving issues on their merits. *See, e.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018). The Court therefore FINDS good cause not to dismiss Plaintiff's case for failure to prosecute at this time.

Accordingly, the Court ORDERS as follows:

(1)    The Court AMENDS the scheduling order as follows: Plaintiff's Opening Brief will be due **July 18, 2025**, Defendant's Response Brief will be due **August 18, 2025**, and Plaintiff's Optional Reply Brief will be due **September 2, 2025**.

(2)    The Court ADVISES Plaintiff of the following:

    a.    If Plaintiff is represented by an attorney for this proceeding, his attorney must enter an appearance in the case. Unless and until an attorney enters their appearance on the docket, Plaintiff continues to represent himself pro se. Pro se litigants are held to the same standards as attorneys and are responsible for meeting all and complying with all orders of the Court. Failure to do so may result in sanctions.

    b.    To provide notice to Defendant and the Court of the grounds Plaintiff believes require reversal of the 2024 denial of his disability claim, the Opening Brief must list and explain all the errors Plaintiff believes the Administrative Law Judge committed in finding him not disabled. The Opening Brief must include citations to the transcript of record that was filed in this case (Dkt. No. 14) that support Plaintiff's arguments.

    c.    **If Plaintiff fails to file his Opening Brief or show good cause for an additional extension by July 18, 2025, this matter <u>will</u> be dismissed for failure to prosecute.** If filing via mail, Plaintiff SHALL ensure he mails his Opening Brief in sufficient time for it to arrive on or before July 18, 2025.

Dated this 3rd day of June 2025.

Tana Lin
United States District Judge